IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| CLIPCO, LTD. | ) | | |
| | ) | | |
| Plaintiff, | ) | No. 04 c 5043 | |
| | ) | | |
| v. | ) | Suzanne B. Conlon, Judge | |
| | ) | | |
| IGNITE DESIGN, LLC, | ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Clipco, Ltd. ("Clipco") sues Ignite Design, LLC ("Ignite") for patent infringement pursuant to 35 U.S.C. § 271 *et seq.* and breach of a license agreement. The court granted Clipco's summary judgment motion in part finding Ignite's Extreme Tumbler Mug infringes claims 2-7, 20, and 21 of Clipco's United States Patent No. 5,270,909 ("the '909 patent") entitled "Openable Handle Attachment." *See* Memorandum Opinion and Order, No. 04 C 5043, Dkt. No. 56 (N.D. Ill. Aug. 1, 2005). The motion was denied in part because a material issue of fact exists regarding whether Ignite's Extreme Coffee Press infringes the '909 patent. *Id.* Ignite moves *in limine* to bar evidence at trial.

### DISCUSSION

Evidence is excluded on a motion *in limine* only if the evidence is clearly inadmissible for any purpose. *Hawthrone Partners v. AT&T Technologies*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Motions *in limine* are disfavored; admissibility questions should be ruled upon as they arise at trial. *Id.* Accordingly, if evidence is not clearly inadmissible, evidentiary rulings must be deferred until trial to allow questions of foundation, relevancy, and prejudice to be resolved in context. *Id.* at 1041.

Denial of a motion *in limine* does not indicate evidence contemplated by the motion will be admitted at trial. Instead, denial of the motion means the court cannot or should not determine whether the evidence in question should be excluded before trial. *United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## A. Alternative Damages Theory (No. 1)

Ignite argues that Clipco should be prohibited from presenting an alternative damages theory through its expert, Mark Hoffman. In response to Ignite's motion, Clipco withdrew its alternative damages theory. Accordingly, Ignite's motion *in limine* is moot.

## B. Clipco's Technical Expert (No. 2)

Ignite's second motion *in limine* seeks to limit Clipco's introduction of infringement evidence through the expert testimony of Professor Virgil Flanigan. Ignite states Clipco failed to submit an expert report on the issue of infringement in compliance with the court's October 22, 2004 discovery schedule. No. 04 C 5043, Dkt. No. 27. In compliance with the scheduling order, both parties submitted initial expert reports on issues for which it was their respective burden of proof. Although Clipco did not file an initial expert report on the issue of infringement, Ignite filed a rebuttal expert report on non-infringement. Clipco filed a motion to strike Ignite's expert report, arguing that the report was improper because infringement was not addressed in Clipco's initial expert disclosures. Clipco argued that rebuttal reports are limited to issues submitted in the initial expert reports. The court considered Clipco's arguments and declined to strike Ignite's expert report on non-infringement. No. 04 5043, Dkt. No. 53 (N.D. Ill. June 15, 2005). The court, however, permitted Clipco to submit a rebuttal expert report on infringement. *Id.*

Ignite argues that Clipco failed to identify its technical expert on infringement in compliance with the scheduling order and Rule 26. Ignite contends Clipco should be precluded from offering any expert testimony on infringement, or in the alternative, should be limited to presenting such evidence in its rebuttal case. Clipco responds that following the court's claim construction, only minor and straightforward issues needed to be determined to prove infringement. Based on the simplicity of the issues, Clipco concluded expert testimony was unnecessary. Ignite's rebuttal report on infringement necessitated Clipco's presentation of expert testimony on infringement at trial.

The moving party bears the burden of presenting sufficient evidence to meet the high standard applicable to an *in limine* motion. *Pivot Point Int'l v. Charlene Products, Inc.*, No. 90 C 6933, 1996 WL 284940, at *2 (N.D. Ill. May 23, 1996) (denying motion *in limine* where moving party failed to attach relevant deposition); *Plair v. E.J. Branch & Sons, Inc.* 864 F. Supp. 67, 69 (N.D. Ill. 1994). Ignite fails to attach the relevant expert report to its motion.[1] Thus, it fails to present sufficient evidence to permit the court to rule on its motion. Accordingly, Ignite's motion *in limine* to preclude Clipco's expert testimony on infringement must be denied.

Clipco requests that the court permit Dr. Flanigan to testify prior to November 10th, the date it expects to present rebuttal evidence, because he is unable to attend the trial on that date. The present record does not provide a sufficient basis to fully evaluate the proper scope of Dr. Flanigan's testimony. Ruling on Clipco's request to permit Dr. Flanigan to testify regarding infringement prior to November 10th must therefore be reserved until trial.

### C. Summary Judgment (No. 3)

---

[1] The parties fail to comply with the local rule establishing pretrial procedure, which requires the parties to attach stipulations or statements setting forth the qualifications of each expert witness to be read to the jury when the expert witness takes the stand. L.R. 16.1.1.2(e).

Ignite requests that Clipco be prohibited from referring to the court's summary judgment ruling that its Extreme Tumbler Mug infringes the claims of the '909 patent. Ignite argues that the issue of whether the Extreme Tumbler Mug infringes has been conclusively determined and, thus, any evidence relating to its infringement is not relevant under Fed. R. Civ. P. 402. Ignite further argues that any relevance of the court's finding of infringement is outweighed by the danger of unfair prejudice. Fed. R. Civ. P. 403. Clipco responds that although the court determined the Extreme Tumbler Mug infringes the '909 patent, evidence pertaining to its mug is still relevant because the jury must decide whether Ignite breached its license agreement with Clipco. Clipco also argues that the summary judgment ruling is directly relevant to infringement of the '909 patent by the Extreme Coffee Press and its response to Ignite's invalidity defense.

Ignite's motion *in limine* to exclude reference to the court's summary judgment ruling must be granted. In the jury's presence, neither party shall refer to the court's summary judgment ruling, its factual findings, or rulings of law. The court's ruling on summary judgment was a matter of law on discrete issues based on the record presented by the parties. *Mi-Jack Products v. Int'l Union of Operating Engineers*, No. 94 C 6676, 1995 WL 680214, at *2 (N.D. Ill. Nov. 14, 1995). The issues on which summary judgment was granted will not be before the jury. *Id.*; *Sunstar, Inc. v. Alberto-Culver Co., Inc.*, No. 01 C 0736, 2004 WL 1899927, at *2-3 (N.D. Ill. Aug. 23, 2004) (issues decided as matter of law are not relevant during trial); *Smithkline Beecham Corp. v. Apotex Corp.*, No. 98 C 3852, 2002 WL 1613724, at *1 (N.D. Ill. July 17, 2002) (issues determined in summary judgment have no purpose or place at trial). Where the court determined that genuine issues of material fact exist, the jury will be the finder of fact based on the evidence at trial. Without referring to its

summary judgment ruling, the court shall inform the jury that for the purposes of deciding the breach of contract claim and the invalidity defense, the Extreme Tumbler Mug infringes the '909 patent.

Ignite requests that the trial be bifurcated, so that the jury may first consider the issues of fact concerning infringement of the '909 patent by the Extreme Coffee Press and whether the asserted claims of the '909 patent are valid in view of the prior art. Ignite contends that if the jury learns the Extreme Tumbler Mug infringes the '909 patent prior to its determining infringement of the Extreme Coffee Press, it will impermissibly compare the two products rather than comparing the Extreme Coffee Press to the asserted claims. Thus, Ignite argues, without bifurcation there is substantial risk that the jury will find the Extreme Coffee Press infringes the '909 patent on an improper basis.

Clipco responds that bifurcation is inappropriate because the sales of all infringing products are relevant to the validity issue. According to Clipco, evidence of the Extreme Tumble Mug would arise in the initial phase of a bifurcated trial. Clipco concludes that any prejudice from the court informing the jury that the Extreme Tumble Mug infringes the '909 patent can be cured by a limiting jury instruction.

The court may order a separate trial of any claim or issue in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy. Fed. R. Civ. P. 42(b). Bifurcation in patent cases, as in others, is the exception and not the rule. *Pfizer Inc. v. Novopharm Ltd.*, No. 00 C 1475, 2000 WL 1847604, at *1 (N.D. Ill. Dec. 14, 2000). The decision to order separate trials is made on a case-by-case basis and is committed to the sound discretion of the trial court. *Id.* (courts should consider evidentiary overlap, risk of duplication and delay and possibility of first trial phase obviating need for trial of subsequent issues). The party seeking bifurcation has the burden of demonstrating that judicial economy would be served and that no party

would be prejudiced by separate trials. *Reber v. Samsung Electronics Am., Inc.*, 220 F.R.D. 533, 536 (N.D. Ill. 2004). Even if bifurcation might somehow promote judicial economy, courts should not order separate trials when bifurcation would result in unnecessary delay, additional expense, or some other form of prejudice. *Id.; Mopex, Inc. v. Chicago Stock Exchange, Inc.*, No. 01 C 302, 2003 WL 715652, at *9 (N.D. Ill. Feb. 27, 2003) (bifurcation denied because it would result in increased delay, expense, and inconvenience).

Ignite has not sufficiently justified bifurcating the trial. The infringement, invalidity, enforceability, and breach of contract evidence is intertwined to the extent that many of the same documents and witnesses would be presented at two different trials if bifurcation is granted. *Mitutoyo Corp. v. Central Purchasing, Inc.*, No. 03 C 0990, 2004 WL 635064, at *2 (N.D. Ill. March 31, 2004). Additionally, whether the license agreement was breached must be adjudicated whether or not the jury finds the Extreme Coffee Press infringes. Thus, the interests of judicial efficiency would not be served by bifurcating a four-day trial. Moreover, the concern that the jury might perceive infringement by the Extreme Tumbler Mug in an improper way can be addressed by a limiting jury instruction. *See Dataquill Ltd. v. Handspring, Inc.*, No. 01 C 4635, 2004 WL 1102309, at *2 (N.D. Ill. May 4, 2004) (possibility of prejudice from evidence concerning defendant's valid patents best addressed through an appropriate jury instruction). Ignite's request for bifurcation must be denied.

### D. Motion No. 4

Ignite withdrew this motion on October 11, 2005.

## CONCLUSION

For the foregoing reasons, Ignite's motions *in limine* 1 and 2 are denied. Motion *in limine* 3 is granted in part and denied in part.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

October 28, 2005